## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) ANTHONY RENTIE,** | |
| **Plaintiff,** | |
| v. | **Case No. 13-CV-231-GKF-TLW** |
| **(1) ROBERTSON TIRE COMPANY, INC.,** | |
| **Defendant.** | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT

Defendant, Robertson Tire Co., Inc., incorrectly identified as Robertson Tire Company, Inc. ("Defendant"), respectfully submits its Answer and Affirmative Defenses and denies each and every allegation therein except those allegations which are specifically admitted below. Defendant further provides as follows:

## PARTIES, JURISDICTION & VENUE

1.   Defendant asserts that no response is necessary to Plaintiff's statement of the case and the law. To the extent that any response is necessary, all allegations set forth in paragraph 1 of Plaintiff's Petition[1] are denied.

2.   Defendant admits that Plaintiff filed Charge of Discrimination No. 564-2012-00779 with the Equal Employment Opportunity Commission ("EEOC"). Defendant affirmatively asserts that such document speaks for itself and, as such, no

---

[1] Since Plaintiff initiated this action as a state court filing in the District Court for Tulsa County, Oklahoma, he filed a Petition rather than a Complaint, the document required by federal law. Although this case was removed to federal court on April 23, 2013, Defendant is still referring to the filing that initiated Plaintiff's lawsuit as a Petition because that is its title.

response is necessary as to the allegations contained therein. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 2 and, therefore, those allegations are denied.

3.     Defendant asserts that no response is necessary to Plaintiff's statement regarding the damages he is seeking in this lawsuit. To the extent that any response is necessary, all allegations set forth in paragraph 3 of Plaintiff's Petition are denied. Defendant further affirmatively asserts that Plaintiff is not entitled to the damages sought in his Petition or any further relief.

4.     Defendant asserts that no response is necessary to Plaintiff's statement regarding the damages he is seeking in this lawsuit. To the extent that any response is necessary, all allegations set forth in paragraph 4 of Plaintiff's Petition are denied. Defendant further affirmatively asserts that Plaintiff is not entitled to the damages sought in his Petition or any further relief.

5.     Defendant asserts that no response is necessary to Plaintiff's statement regarding the fees and costs that he is seeking in this lawsuit. To the extent that any response is necessary, all allegations set forth in paragraph 5 of Plaintiff's Petition are denied. Defendant further affirmatively asserts that Plaintiff is not entitled to the fees and costs sought in his Petition or any further relief.

6.     Defendant admits that this Court is proper venue for Plaintiff's claims and that Defendant regularly conducts business in Tulsa County, State of Oklahoma. Defendant denies all remaining allegations contained in paragraph 6 of Plaintiff's Petition. Moreover, Defendant asserts that all actions taken with respect to Plaintiff's

employment, including the termination thereof, were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons. Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with federal and Oklahoma law. Defendant at all times met or exceeded duties, if any, that it may have arising under the federal and Oklahoma laws pled by Plaintiff.

7.     Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 7 and, therefore, those allegations are denied.

8.     Plaintiff was first hired by Defendant on or about March 5, 2005 and, therefore, Defendant denies that Plaintiff was hired by Defendant on March 22, 2012. Defendant clarifies that March 22, 2012 was the date of Plaintiff's termination from employment with Defendant. Defendant admits the remaining allegations contained in paragraph 8 of Plaintiff's Petition.

## FACTS COMMON TO ALL CLAIMS

9.     No response is necessary to paragraph 9 of Plaintiff's Petition. However, to the extent that a response is required, Defendant incorporates herein by reference its responses to the previous paragraphs of Plaintiff's Petition.

10.    Defendant admits that Plaintiff is African-American. Defendant denies all remaining allegations contained in paragraph 10 of Plaintiff's Petition. As set forth more fully below, Plaintiff advised Defendant that he was going to take anger management classes in late February or early March of 2012. Defendant denies the remaining allegations contained in paragraph 10 of Plaintiff's Petition. Moreover, Plaintiff is not

disabled as defined by the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, or any other state or federal law because, among other reasons, he is not substantially limited in a major life activity. Plaintiff also does not have a serious health condition as defined by the Family and Medical Leave Act or any other state or federal law because, among other reasons, his alleged anger problem did not prevent him from performing the functions of his job.

11.     As to the allegations in paragraph 11 of Plaintiff's Petition, Plaintiff was first hired by Defendant on or about March 5, 2005. Plaintiff, however, voluntarily resigned his employment on or about May 23, 2006 with no notice to take another job. Plaintiff was then rehired by Defendant on or about June 24, 2011. Defendant admits that Plaintiff's second period of employment with Defendant was terminated on or about March 22, 2012 and that Plaintiff held the position of Tire Technician at that time. Defendant denies the remaining allegations contained in paragraph 11 of Plaintiff's Petition.

12.     Defendant admits the allegations contained in paragraph 12 of Plaintiff's Petition that Plaintiff was employed by Defendant for more than twelve months when his employment from on or about March 5, 2005 through May 23, 2006 is combined with his employment from on or about June 24, 2011 through March 22, 2012. All remaining allegations are denied.

13.     Defendant admits that on or about June 30, 2011, Mark Robertson, president of Robertson Tire, gave Plaintiff the option of changing store locations because of a comment Plaintiff reported having been made by John Roaton, Store Manager.

Defendant denies all remaining allegations contained in paragraph 13 of Plaintiff's Petition. Defendant affirmatively asserts that it never threatened to terminate Plaintiff's employment due to his report.

14.    Defendant admits that leave taken by Defendant's employees must be approved by Defendant.   Defendant denies all remaining allegations contained in paragraph 14 of Plaintiff's Petition.

15.    Defendant denies the allegations contained in paragraph 15 of Plaintiff's Petition.

16.    Defendant admits that Plaintiff did not come to work on or about February 22, 2012. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 16 and, therefore, those allegations are denied.

17.    Defendant denies the allegations contained in paragraph 17 of Plaintiff's Petition.

18.    Defendant admits that Plaintiff worked on February 27, 2012. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 18 and, therefore, those allegations are denied.

19.    Defendant denies the allegations contained in paragraph 19 of Plaintiff's Petition.

20.    Defendant admits that Danny Stout, District Manager, approved a schedule adjustment for Plaintiff in late February and early March of 2012 to allow Plaintiff to be absent from work during part of the scheduled work day two or three times per week so

that Plaintiff could attend anger management classes. Plaintiff reported that he was taking the classes because of marital issues. Defendant denies all remaining allegations contained in paragraph 20 of Plaintiff's Petition. Moreover, Plaintiff is not disabled as defined by the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, or any other state or federal law because, among other reasons, he is not substantially limited in a major life activity. Plaintiff also does not have a serious health condition as defined by the Family and Medical Leave Act or any other state or federal law because, among other reasons, his alleged anger problem did not prevent him from performing the functions of his job.

21.     Defendant admits that Plaintiff's employment with Defendant was terminated on March 22, 2012. Defendant denies all remaining allegations contained in paragraph 21 of Plaintiff's Petition. Defendant affirmatively asserts that Plaintiff never requested family medical leave and never provided any notice that he was in need of leave under the Family and Medical Leave Act.

22.     Defendant admits that Plaintiff advised that his anger management classes were only going to last a few more weeks. Plaintiff, however, informed Defendant of this fact after Plaintiff's employment had been terminated. Defendant denies all remaining allegations contained in paragraph 22 of Plaintiff's Petition. Moreover, Defendant asserts that all actions taken with respect to Plaintiff's employment, including the termination thereof, were taken in good faith and for legitimate, non-discriminatory and non-retaliatory business reasons. Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with federal and Oklahoma law.

Defendant at all times met or exceeded duties, if any, that it may have arising under the federal and Oklahoma laws pled by Plaintiff. Moreover, Plaintiff is not disabled as defined by the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, or any other state or federal law because, among other reasons, he is not substantially limited in a major life activity. Plaintiff also does not have a serious health condition as defined by the Family and Medical Leave Act or any other state or federal law because, among other reasons, his alleged anger problem did not prevent him from performing the functions of his job.

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's Petition.

24.     Defendant denies the allegations contained in paragraph 24 of Plaintiff's Petition.

25.     Defendant denies the allegations contained in paragraph 25 of Plaintiff's Petition.

## FIRST CLAIM FOR RELIEF:

## DISCRIMINATION BASED ON DISABILITY (ADA)

26.     No response is necessary to paragraph 26 of Plaintiff's Petition. However, to the extent that a response is required, Defendant incorporates herein by reference its responses to the previous paragraphs of Plaintiff's Petition.

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiff's Petition.

28.     Defendant asserts that no response is necessary to Plaintiff's statement of the law.   To the extent that any response is necessary, all allegations set forth in paragraph 28 of Plaintiff's Petition are denied. Moreover, Defendant asserts that, notwithstanding Plaintiff's statement of the law, Plaintiff is not disabled within the meaning of the Americans with Disabilities Act or the Americans with Disabilities Act Amendments Act of 2008.

29.     Defendant admits the allegations contained in paragraph 29 of Plaintiff's Petition.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Petition. Moreover, Plaintiff is not disabled as defined by the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, or any other state or federal law because, among other reasons, he is not substantially limited in a major life activity.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiff's Petition. Defendant asserts that Plaintiff never requested family medical leave and never provided any notice that he was in need of leave under the Family and Medical Leave Act. Plaintiff requested a schedule change to allow him to attend morning anger management classes approximately two or three times per week.   This request was granted. Moreover, Plaintiff is not disabled as defined by the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, or any other state or federal law because, among other reasons, he is not substantially limited in a major life activity. Plaintiff also does not have a serious health condition as defined by the Family and

Medical Leave Act or any other state or federal law because, among other reasons, his alleged anger problem did not prevent him from performing the functions of his job.

32.    Defendant denies the allegations contained in paragraph 32 of Plaintiff's Petition. Defendant again affirmatively asserts that Plaintiff never requested family medical leave asked for leave and never provided any notice that he was in need of leave under the Family and Medical Leave Act. Plaintiff requested a schedule change to allow him to attend morning anger management classes approximately two or three times per week. This request was granted. Moreover, Plaintiff is not disabled as defined by the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, or any other state or federal law because, among other reasons, he is not substantially limited in a major life activity. Plaintiff also does not have a serious health condition as defined by the Family and Medical Leave Act or any other state or federal law because, among other reasons, his alleged anger problem did not prevent him from performing the functions of his job.

33.    Defendant denies the allegations contained in paragraph 33 of Plaintiff's Petition. Defendant asserts that all actions taken with respect to Plaintiff's employment, including the termination thereof on March 22, 2012, were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons. Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with federal and Oklahoma law. Defendant at all times met or exceeded duties, if any, that it may have arising under the federal and Oklahoma laws pled by Plaintiff.

34.    Defendant denies the allegations contained in paragraph 34 of Plaintiff's Petition.

35.    Defendant denies the allegations contained in paragraph 35 of Plaintiff's Petition.

36.    Defendant denies the allegations contained in paragraph 36 of Plaintiff's Petition.

### SECOND CLAIM FOR RELIEF:

### RETALIATION IN VIOLATION OF FMLA (29 U.S.C. § 2615(a)(2))

37.    No response is necessary to paragraph 37 of Plaintiff's Petition. However, to the extent that a response is required, Defendant incorporates herein by reference its responses to the previous paragraphs of Plaintiff's Petition.

38.    Defendant admits that it is an "employer" as defined by 29 U.S.C. § 2611 (4)(A)(i). Defendant denies any remaining allegations.

39.    Defendant admits that, for a portion of Plaintiff's employment, Plaintiff was an "eligible employee" under the FMLA. All remaining allegations contained in paragraph 39 of Plaintiff's Petition are denied.

40.    Defendant denies the allegations contained in paragraph 40 of Plaintiff's Petition. Moreover, Plaintiff does not have a serious health condition as defined by the Family and Medical Leave Act or any other state or federal law because, among other reasons, his alleged anger problem did not prevent him from performing the functions of his job.

41.     Defendant denies the allegations contained in paragraph 41 of Plaintiff's Petition. Defendant asserts that all actions taken with respect to Plaintiff's employment, including the termination thereof, were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons. Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with federal and Oklahoma law.  Defendant at all times met or exceeded duties, if any, that it may have arising under the federal and Oklahoma laws pled by Plaintiff.  Plaintiff never requested family medical leave and never provided any notice that he was in need of leave under the Family and Medical Leave Act.

## THIRD CLAIM FOR RELIEF:

## INTERFERENCE IN VIOLATION OF FMLA (29 U.S.C. § 2615(a)(1))

42.     No response is necessary to paragraph 42 of Plaintiff's Petition.  However, to the extent that a response is required, Defendant incorporates herein by reference its responses to the previous paragraphs of Plaintiff's Petition.

43.     Defendant denies the allegations contained in paragraph 43 of Plaintiff's Petition. Defendant asserts that all actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons. Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with federal and Oklahoma law. Defendant at all times met or exceeded duties, if any, that it may have arising under the federal and Oklahoma laws pled by Plaintiff.  Plaintiff never requested family medical leave and never provided any notice that he was in need of leave under the Family and

Medical Leave Act. Plaintiff requested a schedule change to allow him to attend morning anger management classes approximately two or three times per week. This request was granted. Moreover, Plaintiff is not disabled as defined by the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, or any other state or federal law because, among other reasons, he is not substantially limited in a major life activity. Plaintiff also does not have a serious health condition as defined by the Family and Medical Leave Act or any other state or federal law because, among other reasons, his alleged anger problem did not prevent him from performing the functions of his job.

## FOURTH CLAIM FOR RELIEF:

## DISCRIMINATION BASED ON DISABILITY (25 O.S. §§ 1101, 1302)

44.     No response is necessary to paragraph 44 of Plaintiff's Petition. However, to the extent that a response is required, Defendant incorporates herein by reference its responses to the previous paragraphs of Plaintiff's Petition

45.     Defendant denies the allegations contained in paragraph 45 of Plaintiff's Petition and further denies that Plaintiff is entitled to any relief whatsoever, including that relief requested in the following WHEREFORE paragraph of Plaintiff's Petition. Defendant asserts that all actions taken with respect to Plaintiff's employment, including the termination thereof, were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons. Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with federal and Oklahoma law. Defendant at all times met or exceeded duties, if any, that it may have arising under the federal and Oklahoma laws pled by Plaintiff.

46.    Defendant denies the allegations contained in paragraph 46 of Plaintiff's Petition. Defendant asserts that all actions taken with respect to Plaintiff's employment, including the termination thereof, were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons. Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with federal and Oklahoma law. Defendant at all times met or exceeded duties, if any, that it may have arising under the federal and Oklahoma laws pled by Plaintiff. Moreover, Plaintiff is not disabled as defined by the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, or any other state or federal law because, among other reasons, he is not substantially limited in a major life activity. Plaintiff also does not have a serious health condition as defined by the Family and Medical Leave Act or any other state or federal law because, among other reasons, his alleged anger problem did not prevent him from performing the functions of his job.

## FIFTH CLAIM FOR RELIEF:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47.    No response is necessary to paragraph 47 of Plaintiff's Petition. However, to the extent that a response is required, Defendant incorporates herein by reference its responses to the previous paragraphs of Plaintiff's Petition.

48.    Defendant denies the allegations contained in paragraph 48 of Plaintiff's Petition. Defendant asserts that all actions taken with respect to Plaintiff's employment, including the termination thereof, were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons. Further, Defendant at all times acted

in good faith and with a reasonable belief that it was acting in conformity with federal and Oklahoma law. Defendant at all times met or exceeded duties, if any, that it may have arising under the federal and Oklahoma laws pled by Plaintiff. Moreover, Defendant did not intentionally inflict emotional distress on Plaintiff. Further, Defendant's actions were not extreme or outrageous.

49.    Defendant denies the allegations contained in paragraph 49 of Plaintiff's Petition.

**SIXTH CLAIM FOR RELIEF:**

**DISCRIMINATION BASED ON RACE**

50.    No response is necessary to paragraph 50 of Plaintiff's Petition. However, to the extent that a response is required, Defendant incorporates herein by reference its responses to the previous paragraphs of Plaintiff's Petition.

51.    Defendant denies the allegations contained in paragraph 51 of Plaintiff's Petition and further denies that Plaintiff is entitled to any relief whatsoever, including that relief requested in the following WHEREFORE paragraph of Plaintiff's Petition. Defendant asserts that all actions taken with respect to Plaintiff's employment, including the termination thereof, were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons. Further, Defendant at all times acted in good faith and with a reasonable belief that it was acting in conformity with federal and Oklahoma law. Defendant at all times met or exceeded duties, if any, that it may have arising under the federal and Oklahoma laws pled by Plaintiff.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant realleges and incorporates by reference herein all previously stated paragraphs and further states as follows:

1.      Plaintiff's Petition fails to state a claim upon which relief may be granted.

2.      Plaintiff has failed in whole or in part to exhaust his administrative remedies to the extent that Plaintiff's claims exceed the claims alleged in the charge of discrimination that was filed. To the extent that Plaintiff has failed to exhaust his administrative remedies, this Court is without subject matter jurisdiction to hear such claims.

3.      The imposition of punitive damages, in whole or in part, would violate the Oklahoma and United States Constitutions, including the guaranty against the deprivation of property except by due process of law provided by Article 2, § 2 of the Constitution of the State of Oklahoma, the guaranty against deprivation of property except by due process of law provided by the 14th Amendment of the Constitution of the United States of America, and the prohibition against excessive fines and cruel and unusual punishment made applicable to the states under the 14th Amendment's Due Process Clause.

4.      To the extent that Plaintiff has not performed a sufficient search for replacement employment and/or refused subsequent employment opportunities, Plaintiff has failed and neglected to use reasonable means to mitigate his alleged damages, if any.

5.      Defendant is not liable for the acts of its agents or employees, if any, that are outside the scope of their employment.

6.      Any award of compensatory or punitive damages is subject to the limitations of all applicable federal and state laws.

7.      Any damages suffered by Plaintiff are a proximate result of his own conduct or the conduct of third parties for whom Defendant is not responsible and in no way were caused by or otherwise attributable to Defendant. Accordingly, any such damages should either be denied completely, or apportioned according to the evidence.

8.      Plaintiff is not disabled as defined by the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act, or any other state or federal law because, among other reasons, he is not substantially limited in a major life activity.

9.      Plaintiff does not have a serious health condition as defined by the Family and Medical Leave Act or any other state or federal law because, among other reasons, his alleged anger problem did not prevent him from performing the functions of his job.

WHEREFORE, Defendant respectfully prays that the Court dismiss this action with prejudice, enter judgment in its favor, and award it its attorneys' fees, costs and expenses incurred in defense hereof.

Dated:  May 7, 2013

Respectfully submitted,

**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**

By:   s/ Nathaniel T. Haskins
       Elaine R. Turner, OBA #13082
       Nathaniel T. Haskins, OBA #22585
       Chase Tower
       100 North Broadway, Suite 2900
       Oklahoma City, OK  73102-8865
       Telephone:  (405) 553-2828
       Facsimile:  (405) 553-2855
       Email:  eturner@hallestill.com

       **ATTORNEYS FOR DEFENDANT,
       ROBERTSON TIRE CO., INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 7th day of May, 2013, a true and

correct copy of the above and foregoing document was sent by U.S. Mail, with proper

postage thereon fully paid, to:

Isaiah Parsons
Matthew Day
PARSONS & DAY, L.L.C.
525 S. Main, Suite 312
Tulsa, OK  74103

s/ Nathaniel T. Haskins